# DECLARATION OF PETER STROJNIK UNDER THE PENALTY OF PERJURY

I, Peter Strojnik, make the following Declaration under the penalty of perjury

1. I have been an attorney in Maricopa County since 1980.

2. My current primary practice is civil rights enforcement of Title III of the ADA. I have filed and prosecuted more than one thousand five hundred ADA cases.

3. My fees are based on the lodestar analysis which is "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This "lodestar" figure presumptively provides an accurate measure of reasonable fees. To get to the lodestar figure, a plaintiff hereby submits "satisfactory evidence … that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984). The relevant community is that in which the district court sits. *Schwartz v. Secretary of Health and Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995).

4. I charge a fee of $650.00 as stated in the Representation and Fee Agreement attached as Addendum A. The $650/hr. fee is reasonable. For reasons stated in this Motion, the amount of $9,815.00 is reasonable and compliant with LRCivP and ER 1.5(a) factors 1-8 all of which support the reasonableness of this amount[1]. Plaintiff's counsel has been an attorney for thirty-seven (37) years and has prosecuted more than one thousand five hundred Title III ADA cases. Counsel's fees are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience,

---

[1] (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;  (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services and (8) the degree of risk assumed by the lawyer.

and reputation, to wit, (1) Paul Rein charges $645/hr. and (2) the law firm of Sherman Howard (John Doran), a lawyer with much lesser experience and length of practice charges $575.00 per hour for ADA defense work. The important part and time-logging part of the hours billed is the pre-filing due diligence, which saw me in fact verify the barrier that Plaintiff personally encountered. For reasons stated in this Motion, the amount of $9,815.00 is reasonable and compliant with ER 1.5(a) factors 1-8 all of which support the reasonableness of this amount.

5. The importance of the length of practice and experience in ADA Title III litigation are equaled by the risks to counsel in ADA representation. It is well known that I have been the subject of relentless attacks by the regressive media and governmental institutions. The Arizona Attorney General Mr. Brnovich intervened in more than approximately 1,500.00 cases seeking not only a dismissal of legitimate claims but sanctions against the undersigned *pro bono* counsel in those case. All these sanctions motions have been dismissed with prejudice because the State Court recognized that a continuing persecution of civil rights *pro bono* counsel would not "advance the cause of justice". Exhibit 1 to Motion. Not having found a receptive ear in the State Court, Mr. Brnovich recently filed a Motion to Intervene in one of Judge Wake cases, *Advocates for Individuals with Disabilities v. MidFirst Bank*, 2:16-cv-01969-NVW, Exhibit 2 to Motion, in which he seeks to designate the undersigned pro bono counsel (in referenced case) a "vexatious litigant".

6. Equally important is the fact that I am subject to physical risk to my personal well-being in litigating ADA cases and have been subject to death threats and relentless threatening phone calls.

7. Also relevant is the fact that some members of the regressive media have relentlessly disparaged my good name and reputation.

8. I believe that risks undertaken by civil rights attorneys like me are necessary to advance the time when public accommodations comply with the ADA. If attorneys like me would succumb to the relentless threats and pressures of the regressive media and

Arizona's political class, the State of Arizona would become a sanctuary state for ADA violators.

9. Because of regressive social policies, I have undertaken extraordinary due diligence before filing even one lawsuit based on 28 CFR §36.302(e) and the 2010 Standards.

10. Based on the intensity of the attacks on me, I concluded that any case must be fully prepared prior to filing suit.  Thus, for example, even before suit is filed, I personally conduct factual and legal due diligence, collect signatures and Declarations, hire a photographer and other third-party vendors and prepare a verified mandatory initial disclosure before filing suit and serves them on Defendant along with the Summons and Complaint.

11. I have the requisite qualities as an advocate to litigate the type of case in issue here, and the requisite ability, training, education, experience, professional standing and skill.

12. The character of the work involved here, the difficulty, intricacy, importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation are factors which weigh heavily in favor of my application.

13. I am familiar with the time spent and fees incurred in pre-and post-judgment proceedings.  The time spent, and fees incurred were necessary and reasonable.

14. My regular hourly fee for ADA enforcement litigation is $650.00.

15. The time records are appended hereto as Addendum B.

16. I adopt the entire discussion of fees set forth in the Application for Fees, Costs and Expenses to which this is attached as exhibit.

## VERIFICATION

The undersigned verifies under the penalty of perjury that the above is true and correct to the best of his knowledge, information and belief.

DATED AND SIGNED NEXT PAGE

DATED this 24th day of February 2018.

                                              STROJNIK, P.C.

                                              Peter Strojnik

# ADDENDUM A

## REPRESENTATION AND FEE AGREEMENT

**CLIENT:** Fernando Gastelum

**ATTORNEY:** Peter Strojnik

**MATTER:** Civil Rights and Related Claims (ADA, Consumer Fraud, Negligence etc.) ("Claim")

**DEFENDANT:** Any Person or Entity who is or may be responsible for ADA violation(s) at the location described as: **AUM Hospitality Ventures LLC dba Holiday Inn Phoenix Airport**

**DATE:** 2018-01-08

**Matter of Representation:** Client authorizes Attorney to act on Client's behalf in all matters related to Client's Claims. Attorney will undertake Client's representation and work with Client to achieve the desired objectives by using Attorney's best judgment, skill, and experience. Client understands that Attorney cannot and has not made any guarantee regarding the outcome of any Claim. Client further understands that Attorney will investigate Client's Claims and if a Claim does not appear to Attorney to have merit or is not economically feasible to pursue, Attorney shall have the right to reject representation with respect to such Claim.

**Nature of Representation:** Attorney shall represent Client *pro bono publico*, meaning that Client shall owe Attorney no money for Attorney's time spent on representation. Client specifically recognizes that upon successful conclusion of any claim, Attorney shall be authorized to request attorney's fees from the opposing party at Attorney's hourly fee of $650.00.

**Reasonableness of Rate, Costs and Expenses:** (1) The rate of $650.00 per hour is reasonable based on Attorney's 36-year litigation experience in general litigation law and, particularly, considering his extensive experience with ADA compliance litigation risk associated with ADA litigation, particularly the likelihood of success and the inherent hostility of all levels of society. (2) Client has paid no fees and no advanced costs to Attorney. At the conclusion of the case, client authorizes Attorney to pay the costs and expenses from any settlement or award. (3) These charges, costs and fees are based on Attorney's estimates based on innumerable cases filed by Attorney in his experience both in general litigation matters and particularly the civil rights (ADA) enforcement matters. The costs and expenses are estimated as follows:

| TO | FOR | ANTICIPATED COST OR EXPENSE |
|---|---|---|
| Person conducting physical inspection | Driving to location, reviewing compliance as required, taking photographs and other pre-filing tasks as required by Attorney | $200 |
| Person gathering ownership information and collecting photographs | Reviewing ownership information and preparing due diligence report relating to location and photographs | $500 |
| Client Expenses | Mileage, time, effort, reviews, collection of evidence and other expenses as required by Attorney | $350 |
| Clerk of Court | Filing Fee | $400 |
| Process Server | Service of Process Fee | $50 - $200 |
| Expert | Expert Review of ADA Compliance (if needed) | $500 - $1,000 |

**Costs and Expenses**: Costs and expenses shall be advanced by Attorney; however, all costs and expenses incurred and paid by Attorney shall be paid to Attorney at the conclusion of the case. In the event a particular Claim does not result in a settlement or an award of costs, expenses and fees, then Attorney shall be entitled to recover his costs and expenses from the proceeds of another Claim or waive the costs and expenses at his discretion.

**Media:** "Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem", *see* 42 USC 12101(a)(2).  This pervasive discrimination has permeated all three levels of government and the media.  The media perpetuate the discrimination and isolation against the disabled community.  It is quite common for the media to ambush civil rights litigants in order to portray them in a false light. Therefore, whenever Client is approached by any member of the media, Client will refer all questions to Attorney, saying,

**"All media inquiries are handled by my attorney Mr. Strojnik"**

**Attorney Lien:** Client grants to Attorney an irrevocable lien against any settlement or award for costs and fees. This lien shall be enforceable irrespective of any termination of representation.

**Termination:** Client may terminate this Agreement at any time for any reason or no reason at all. In the event of Client's termination of this Agreement, Attorney shall be entitled to recover all costs, expenses and shall be entitled to be paid for his time incurred in all cases at his regular rate of $650.00 per hour.

Attorney may terminate this agreement and withdraw from representation of Client if Client fails to reasonably assist and cooperate in the prosecution of the Claims.  In such circumstances, Client will reimburse Attorney for any costs or expenses, if any, that have been incurred on Client's behalf. Attorney may also terminate this agreement and withdraw from representation of Client if it becomes, in the good faith judgment of Attorney, imprudent, illegal or unethical to pursue Client's claim(s).  If Attorney terminates this agreement and withdraws from representation of Client under these circumstances, Client does not owe Attorney any fees for legal services.

**Settlement or Award:** In the event that Client's Claim(s) result(s) in a judicial award or settlement payment, such sums shall be distributed as follows: (1) To Attorney for costs, expenses and litigation management, then (2) To Client the sum of $350.00 for his expenses and then (3) to Attorney for attorney's fees.

Attorney shall have the unfettered discretion in all settlement matters provided, however, that Client's consent shall be required when the settlement amount is less than $350.00 payable to Client.

Client specifically instructs Attorney to deposit all amounts into the Strojnik, P.C. account and to make distributions therefrom.

**No Advice Regarding This Fee Agreement**: Attorney is not acting as Clients' counsel in advising Client with respect to this agreement, as Attorney would have a conflict of interest in doing so.  If Client wishes to be advised by independent counsel concerning this fee agreement, Attorney recommends that Client consult with independent counsel of their choice.  In addition, if Client has any questions or would like additional information, Attorney would be happy to discuss this matter with Client.

**CLIENT ACKNOWLEDGES THAT CLIENT HAS READ THIS AGREEMENT IN ITS ENTIRETY, THAT CLIENT UNDERSTANDS IT, AND THAT CLIENT AGREES TO ITS TERMS AND CONDITIONS.**

**CLIEN FURTHER ACKNOWLEDGES THAT ATTORNEY HAS FULLY AND COMPLETELY DISCLOSED HIS INVOLVEMENT WITH OTHER CIVIL RIGHTS PLAINTIFFS AND THE RESULTS OF SUCH REPRESENTATION AND HAS FULLY AND COMPLETELY ANSWERED ALL QUESTIONS REGARDING THIS FEE AGREEMENT, HIS PRIOR REPRESENTATION AND THE ADA.**

| **CLIENT** | **ATTORNEY** |
|---|---|
| */s/ Fernando Gastelum* | */s/ Peter Strojnik* |
| Fernando Gastelum | Peter Strojnik |
| *Electronic signature authorized* | *Electronic signature authorized* |

**ADDENDUM B**

S T A T E M E N T   O F   A C C O U N T

**Client:**   Fernando Gastelum
**Matter:**  AUM Hospitality Ventures LLC
**Date  :**  2018-02-24
**Rate  :**  650/hr. - 0.25 minimum billing time

**ATTORNEY'S FEES**

| DATE | DESCRIPTION OF SERVICES RENDERED | BY | TIME |
|---|---|---|---|
| 2018-01-09 | In person meeting with Fernando Gastelum ("FG") regarding issues raised by the client and matters of representation. Document same in Statement of Account. (1.65) | PS | 1.65 |
| 2018-01-09 | Discussion with EG regarding websites. Document same in Statement of Account. (0.50) | PS | 0.50 |
| 2018-01-10 | Review Assessor Information regarding ownership. Document same in Statement of Account. (0.20) | PS | 0.20 |
| 2018-01-10 | Review CC Information. Document same in Statement of Account. (0.10) | PS | 0.10 |
| 2018-01-10 | Independent review of websites. Document same in Statement of Account. (0.80) | PS | 0.80 |
| 2018-01-10 | Review FG Declaration and Due Diligence Report. Document same in Statement of Account. (0.10) | PS | 0.10 |
| 2018-01-10 | Review call recording FG made to hotel. Document same in Statement of Account. (0.20) | PS | 0.20 |
| 2018-01-10 | Review ADA Report and compare same to reports. Document same in Statement of Account. (0.35) | PS | 0.35 |
| 2018-01-10 | Prepare Fee Agreement; electronic signature authorized. Document same in Statement of Account (0.20) | PS | 0.20 |
| 2018-01-10 | Due diligence in person review of Hotel's generally ADA compliance as reported by EG. Document same in Statement of Account. (2.15) | PS | 2.15 |
| 2018-01-10 | Review entire due diligence file including assessor information and corporate information in preparation for drafting Verified complaint. Document same in Statement of Account. (0.40) | PS | 0.40 |
| 2018-01-10 | Conduct legal investigation of sufficiency of 302(e) disclosures Document same in Statement of Account. (0.20) | PS | 0.20 |
| 2018-01-10 | Preparation, review and submission of MIDP disclosures and request for electronic signatures. Document same in Statement of Account.  (0.40) | PS | 0.40 |

2375 EAST CAMELBACK ROAD - SUITE 600 – PHOENIX – ARIZONA – 85016
CELL: 602.524.6602 – EMAIL: PS@STROJNIK.COM
WEBSITE: WWW.STROJNIK.COM

| DATE | DESCRIPTION OF SERVICES RENDERED | BY | TIME |
|---|---|---|---|
| 2018-01-10 | Preparation, review and submission of draft Complaint to client and request for signature authority. Document same in Statement of Account. (1.00) | PS | 1.00 |
| 2018-01-11 | Preparation, review, and submission of civil cover sheet. Document same in Statement of Account. (0.10) | PS | 0.10 |
| 2018-01-11 | Preparation, review, and submission of Summons. Document same in Statement of Account. (0.10) | PS | 0.10 |
| 2018-01-11 | Review Doc 1- Complaint. Document same in Statement of Account. (0.10) | PS | 0.10 |
| 2018-01-11 | Review Doc 2- Summons Submitted. Document same in Statement of Account. (0.10) | PS | 0.10 |
| 2018-01-11 | Review Doc 3- Notice of Availability of US Magistrate Judge. Document same in Statement of Account. (0.10) | PS | 0.10 |
| 2018-01-11 | Review Doc 4- Notice MIDP. Document same in Statement of Account. (0.10) | PS | 0.10 |
| 2018-01-11 | Review Doc 5- Summons Issued (0.10) | PS | 0.10 |
| 2018-01-11 | Review Doc 6- ORDER/NOTICE Pursuant to Fed.R.Civ.P. 4(m) - IT IS HEREBY ORDERED directing the Clerk of Court to terminate any or all Defendants in this matter, without further notice, that have not been served within the time required by Fed. R. Civ. P. 4(m) on April 12, 2018. (See document for further details). Signed by Judge G Murray Snow on 1/11/18. (LAD) Document same in Statement of Account. (0.10) | PS | 0.10 |
| 2018-01-17 | Preparation, review, and submission of discovery request number 1 for service on defendant along with summons and complaint. Document same in Statement of Account. (0.20) | PS | 0.20 |
| 2018-01-20 | Review Doc 7- Notice MIDP. Document same in Statement of Account. (0.10) | PS | 0.10 |
| 2018-01-20 | Review Doc 8- Service Executed. Document same in Statement of Account. (0.10) | PS | 0.10 |
| 2018-02-02 | Review e-mail from Casey Blais 602-234-9929 – 602-579-1881 requesting 30-day extension. Review Bio. (0.65) <br><br> Document same in Statement of Account. | PS | 0.65 |
| 2018-02-02 | Preparation, review and submission of responsive e-mail. Gather and attach all due diligence documents. Document same in Statement of Account. (0.20) | PS | 0.20 |

| DATE | DESCRIPTION OF SERVICES RENDERED | BY | TIME |
|---|---|---|---|
| 2018-02-02 | Review e-mail from Casey – request for 16 days given. Document same in Statement of Account. (0.10+0.10) | PS | 0.20 |
| 2018-02-02 | Preparation, review and submission of settlement value analysis. Document same in Statement of Account.  (0.30) | PS | 0.30 |
| 2018-02-02 | Preparation, review and submission of e-mail to Casey with offer of settlement. Document same in Statement of Account.  (0.15) | PS | 0.15 |
| 2018-02-08 | Review Doc 9 – Answer:<br>28. In response to Paragraph 28 of the Verified Complaint, **Defendant admits that its hotel's website is not fully compliant with 28 CFR § 36.302(e)** and plans to remedy the alleged violation(s) in a timely manner.<br>Affirmative Defenses:<br><br>1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.<br>2. Plaintiff lacks standing under Article III.<br>3. Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered damages.<br>4. Plaintiff's claims are moot.<br>5. The alleged ADA violations are not readily achievable.<br>6. Plaintiff is comparatively at fault.<br>7. Defendant is not liable for the alleged violations because Defendant has no access to or control over the subject ("1st party website" or "3rd party website"). | PS | 0.75 |
| 2018-02-08 | Review Doc 10 – Corporate Disclosure. Document same in Statement of Account. (0.10) | PS | 0.10 |
| 2018-02-08 | Review Doc 11 – Notice of Offer of Judgment. Document same in Statement of Account.  (0.10) | PS | 0.10 |
| 2018-02-08 | Review, Calendar & Save Doc 12-ORDER SETTING RULE 16 CASE MANAGEMENT CONFERENCE – Scheduling (Case Management) Conference set for 4/13/2018 at 09:45 AM in Courtroom 602, 401 West Washington Street, Phoenix, AZ 85003 before Judge G Murray Snow. (See document for further details). Signed by Judge G Murray Snow on 2/8/18. Document same in Statement of Account. (LAD) | PS | 0.25 |
| 2018-02-13 | Lengthy in person discussion with FG regarding acceptance of the offer of judgment. Document same in Statement of Account. (0.30) | PS | 0.30 |
| 2018-02-13 | Conference with LL regarding offer of judgment. Will accept. I will confirm b e-mail. Document same in Statement of Account. (0.10) | PS | 0.10 |
| 2018-02-13 | Preparation, review and submission of acceptance of offer of judgment to LL. Document same in Statement of Account.  (0.10) | PS | 0.10 |
| 2018-02-23 | Review Doc 14 CLERK'S JUDGMENT - Pursuant to Plaintiff having accepted Defendant's offer of judgment, judgment is | PS | 0.35 |

| DATE | DESCRIPTION OF SERVICES RENDERED | BY | TIME |
|---|---|---|---|
|  | hereby entered against Defendant as follows: 1. Defendant will (within 60 days) identify and describe on its website accessible features found in each of the following areas of the hotel: (1) Parking and Loading Zone; (2) Exterior Routes; (3) Building Entrances and Lobby; (4) Interior Routes; (5) Public/Common Use Restrooms; (6) Accessible Guestrooms and Suites; (7) Accessible Guestroom Bathrooms; and (8) Pool/Spa area. 2. Defendant will (within 60 days) communicate the above referenced accessible features to all third party booking agents who facilitate online or telephonic reservations for Defendant's hotel. Defendant shall provide Plaintiff with a copy of this communication. 3. Defendant will (within 60 days) modify its policies, practices and procedures to ensure that individuals who require mobility and/or ambulatory assistance can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not require mobility and/or ambulatory assistance. Defendant shall provide Plaintiff with a copy of the modified policies, practices and procedures referenced herein. 4. Defendant shall (within 90 days) identify mobility accessibility features at its hotel that do not comply with the 2010 Standards of Accessibility Design and shall, within 12 months, remove barriers to mobility accessibility to the extent that such removal is readily achievable. This matter is hereby terminated. (LAD) |  |  |
| 2018-02-24 | Audit Statement of Account to comply with LRCivP 54.2, *Gametech Intern., Inc. v. Trend Gaming Systems, LLC*, 380 F. Supp. 2d 1084, 1101 (D. Ariz. 2005), and reduction of) of (0.25) minimum time authorized by the Fee Agreement to 0.10 accepted to the District Court. Document same in Statement of Account. (1.00) | PS | 1.00 |
| 2018-02-24 | Preparation, review and preparation for filing of Declaration of Peter Strojnik under the Penalty of Perjury. This time is less than the appearance requires because Counsel used a previous form of same. Document same in Statement of Account. (0.30) | PS | 0.30 |
| 2018-02-24 | Preparation, review and submission for filing of Plaintiff's Application for Fees, Costs and Expenses. This time is less than the appearance requires because Counsel used a previous form of same. Document same in Statement of Account. (0.40) | PS | 0.40 |
| 2018-02-24 | Preparation of proposed Order. Document same in Statement of Account.  (0.15) | PS | 0.15 |
| 2018-02-24 | Preparation, review and submission of e-mail to Leavitt with proposal of settlement. Document same in Statement of Account. (0.10) | PS | 0.10 |
| 2018-02-24 | Preparation and review of Statement of Consultation to be filled out upon receipt of response from Leavitt. Document same in Statement of Account. (0.15) | PS | 0.15 |

| DATE | DESCRIPTION OF SERVICES RENDERED | BY | TIME |
|---|---|---|---|
| | **ATTORNEY TIME TOTAL** | | **15.10** |
| | **ATTRNEY'S REASONABLE FEE** | | **$9,815.00** |

**COSTS AND EXPENSES**

| | |
|---|---|
| EG Investigation and Photography | $200.00 |
| Third Party Generated Due Diligence Report regarding pre-litigation due diligence relating to ownership, statutory agent and due diligence report of photographic evidence. | $500.00 |
| Filing Fee | $400.00 |
| Service of Process Fee | $65.60 |
| FG Expenses | $350.00 |
| Common Pre-Filing Due Diligence Apportioned | $1,362.40 |
| **TOTAL COSTS AND EXPENSES** | **$2,828.00** |

END